
**FILED**
12/2/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

_TASHAWN THORNE_

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

_UNITED STATES OF AMERICA_

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

)

Case No: _21 CV 50348_
(To be supplied by the Clerk of this Court)

_Amended Complaint_

**CHECK ONE ONLY:**

_____ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_Federal Tort Claims Act_   ✓   OTHER (cite statute, if known) _28 U.S.C. § 1346(b)_

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I.   **Plaintiff(s):**

A.   Name: _Tashawn Thorne_

B.   List all aliases: _Smoke_

C.   Prisoner identification number: _59241-056_

D.   Place of present confinement: _USP Thomson, & FBOP_

E.   Address: _1100, One Mile Rd., Thomson, IL 61285_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.   **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.   Defendant: _United States of America_

Title: _United States Government_

Place of Employment: _Washington, D.C_

B.   Defendant: _____

Title: _____

Place of Employment: _____

C.   Defendant: _____

Title: _____

Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: *Thorne V. Wesley, et, al, 1:16 CV 722*

B. Approximate date of filing lawsuit: *June 30, 2017*

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

D. List all defendants: *Wesley, Sherwin, Booker, Manns, Newcum, Evans, Stokes*

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): *Federal, Virginia*

F. Name of judge to whom case was assigned: *Rossie David Alston, JR.*

G. Basic claim made: *Excessive Force*

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): *dismissed*

I. Approximate date of disposition: *September 24, 2020*

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. Continued:

Thorne v. Dix, et.al, 3:20 c 50487

Thorne v. Progressive Casualty Insurance

Thorne v. United States of America

Thorne v. Nurses at USP Hazelton

Attention: There may be one or two more, however I cannot remember. Please excuse me.

page 3A

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IV.     **Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need.  Attach extra sheets if necessary.)

## I.

1.) Plaintiff, Tashawn Thorne, is, was, and at all times herein mentioned a prisoner of the United States of America, in the Custody of the Federal Bureau of Prisons. He is currently confined in a USP Thomson, IL 61285.

2.) The United States of America is responsible for the negligent or wrongful acts of its employees.

3.) At all times herein mentioned Justin Alcala, Brandon Boaz, Eric Conklin, James Dix, Andrew Drinkall, Bradford Horton, Harley Jacobson, Apryl Liggett, Benjamin Lodge, Christian Marsh, Chandler Pendley, Zachary Sigman, Anthony Simcox, Qventon Terry, and Lieutenant Mr. Dugdale were and are employees of the United States of America.

4.) At all times herein mentioned all the employees named in section (3), above were acting within the scope of his or her office.

5.) At all times herein mentioned the United States of America was acting within the scope of it's office.

6.) None of the acts herein were discretionary acts, but are governed by federal statute 18 U.S.C. § 4042, and BOP Policy Program Statements 5566.06, 5324.08, 3420.11, etc....

4

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

7.) At all times herein mentioned the United States of America owed Plaintiff a duty of care to "provide suitable quarters, and provide for the safe keeping, care, and subsistence, Also to provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States. See 18 U.S.C. § 4042

8.) At all times herein mentioned Justin Alcala, Brandon Boaz, Eric Conklin, James Dix, Andrew Drinkall, Bradford Horton, Harley Jacobson, Apryl Liggett, Benjamin Lodge, Christian Marsh, Chandler Pendley, Zachary Sigman, Anthony Simcox, Qventon Terry, and Lieutenant Dugdale were acting within the scope of his/her employment.

9.) At all times herein mentioned the aforementioned employees were performing non-discretionary duties while acting within the scope of his/her employment.

10.) The United States of America is being sued in it's official capacity.

11.) At all times herein mentioned Justin Alcala, Brandon Boaz, Eric Conklin, Andrew Drinkall, Brandford, Harley Jacobson, Chandler Pendley, Zachary Sigman and Qventon Terry held the rank of Officers.

12.) At all times herein mentioned Apryl Liggett, Christian Marsh, and Anthony Simcox held a position of Registered Nurses.

13.) At all times herein mentioned James Dix, Benjamin Lodge, and Dugdale held positions of Lieutenant.

14.) At all times herein mentioned all the above, aforementioned officials were acting in their official capacity.

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5.

IV. Statement of Claim: Continued:

15.) At all times herein mentioned Justin Alcala, Brandon Boaz, Eric Conklin, James Dix, Andrew Drinkall, Bradford Horton, Harley Jacobson, Apryl Liggett, Benjamin Lodge, Christian Marsh, Chandler Pendley, Zachary Sigman, Anthony Simcox, Quenton Terry and Lieutenat Dugdale owed Plaintiff a duty of care to, "provide suitable quarters, and provide for the safe keeping, care and subsistence, Also to provide for the protection, instruction and discipline of all persons charged with or convicted of offenses against the United States. See 18 U.S.C. § 4042

II.

Exhaustion of Administrative Remedies

16.) The plaintiff has exhausted all administrative remedies. See Exhibits A and B

III.

FACTS

17.) Plaintiff re-incorporates and cross reference as it fully sets forth herein, Case No. 3:20 c 50487.

18.) On the morning of 8·26·20 during showers I began to have mental problems. I began to hear voices and feel suicidal. When my cellmate returned from the shower, I denied him entrance back in to the cell and notified staff members, Officers Drinkall, C. Pendley, Sigman and Conklin of my need to see psychology. I explained my mental problems to each of the above officers and explained that I really needed to speak with a psychologist. All my request to speak with a psychologist were denied and

5-A

IV. Statement of Claim: Continued:

15.) At all times herein mentioned Justin Alcala, Brandon Boaz, Eric Conklin, James Dix, Andrew Drinkall, Bradford Horton, Harley Jacobson, Apryl Liggett, Benjamin Lodge, Christian Marsh, Chandler Pendley, Zachary Sigman, Anthony Simcox, Qventon Terry and Lievtenat Dugdale owed Plaintiff a duty of care to, "provide svitable quarters, and provide for the safe keeping, care and subsistence, Also to provide for the protection, instruction and discipline of all persons charged with or convicted of offenses against the United States. See 18 U.S.C. § 4042

II.
Exhaustion of Administrative Remedies

16.) The plaintiff has exhausted all administrative remedies. See Exhibits A and B

III.
FACTS

17.) Plaintiff re-incorporates and cross reference as it fully sets forth herein, Case NO. 3:20 c 50487.

18.) On the morning of 8-26-20 during showers I began to have mental problems. I began to hear voices and feel suicidal. When my cellmate returned from the shower, I denied him entrance back into the cell and notified staff members, Officers Drinkall, C. Pendley, Sigman and Conklin of my need to see psychology. I explained my mental problems to each of the above officers and explained that I really needed to speak with a psychologist. All my request to speak with a psychologist were denied and

5A

I was left in my cell while my celly was placed in the Law Library until the next shift of officers arrived.

19.) Upon shift change Officer Terry came to my cell and asked what the problem was. I explained my mental problems of hearing voices and having suicidal thoughts. He then stated that I was not going to see a psychologist, and that if I didn't cuff up, he was going to get the TEAM. I refused to cuff once again.

20.) Shortly thereafter Officer Terry returned with Benjamin Lodge. Benjamin Lodge gave me a direct order to cuff up. I explained to him what was going on and my mental problems.

21.) He repeated his direct order to cuff up ignoring my request for psychological assistance. I then swallowed over 50 Lisinopril pills in front of Benjamin Lodge's face in an attempt to kill myself. I then submitted to be cuffed.

22.) The door was opened, my cellmate was escorted into the cell and the cell door was secured. At this time I refused to uncuff. The door was reopened, and Benjamin Lodge ordered me to back to the door because Medical wanted to see me. I complied, but when Benjamin Lodge grabbed my cuffs he held me at the door and radioed for the door to close.

23.) As the door began to close on my arms, I became frightened and pulled away.

24.) At this time the door was reopened, several officers rushed in and grabbed me. I was then escorted from my cell

56

into the hallway without any injuries. I was stripped naked and placed in ambulatory restraints.

25.) After being placed in ambulatory restraints I was taken to Fox's Range 1 and placed in cell #23, where I was screened by medical staff Nurse April Liggett and Psychology's Doctor Britton. All staff then departed and I was left in cell #23.

26.) Shortly thereafter James Dix returned with Officers Sigman, Jacobson, and Terry, and tightend up the restraints until it was unbearable.

27.) Sigman tightend up the waist chain so tight that I began to urinate myself, which brought laughter from these officers.

28.) I told them that the restraints were too tight, and that I could not breath.

29.) They then began to beat me. James Dix stomped on my hands several times as I screamed out in pain and mercy. James Dix then commanded Officer Terry to pass him his baton, to which Terry did as commanded. James Dix then took this baton and struck me in the head, hands and groan.

30.) I screamed out in pain and as I did Harley Jacobson slammed the shield down on my face, knocking out my front tooth. I screamed to the other officers present that he'd knocked my tooth out. They then

5c

left the restraint cell, leaving me alone.

31.) What seemed like maybe a hour, give or take staff returned with Nurse Apryl Liggett. I immediately notified her that the Officers had knocked my tooth out, that the chains were too tight and that I couldn't breath. She tried to check my blood pressure, but couldn't because the restraints were too tight. She then told James Dix that the restraints were too tight and needed to be loosend.

32.) James Dix stated, "this is how we do it around here," and urshered her out of the room.

33.) They then began to beat me again. James Dix stomped and kicked my hands and wrist. Next staff began to slam the shield down on my hands and wrist as I begged and screamed for mercy.

34.) From 8·26·20 to 8·28·20, during the 15 minute restraint checks I notified Andrew Drinkall, Justin Alcala, Chandler Pendley and Eric Conklin that staff were beating me, that I couldn't breath, the restraints were too tight, and that staff had knocked my tooth out.

35.) These beatings continued throughout the night during every 2 hour restraint check.

36.) At the 20:20 restraint check I notified Nurse Anthony Simcox that staff were beating me, that they had knocked my tooth out, that I was having trouble breathing

5d

because the chains were too tight, and that I could no longer feel my hands.

37.) During the night shift Lieutenant Dugdale along with other staff whom I could identify, because I was in so much pain, entered the restraint cell and beat me. Dugdale stomped and kicked my hands, spit on me and then ordered staff to show me what happens to, "gunners", meaning prisoners that masterbate.

38.) Staff then began to slam the shield down on my hands and wrist. I begged for mercy and screamed out in pain before passing out.

39.) The next morning during the 6:45 am restraint check on 8-27-20, I notified Christian Marsh of my injuries, that staff were beating me, and that the chains were too tight.

40.) On 8-27-20, during the 16:45 restraint check Nurse Dianne Sweeney advised staff that restraints were too tight and needed to be loosened.

41.) Staff informed Nurse Sweeney that they would loosen restraints, however they only adjusted them and tightened them once again.

42.) At the 19:15 restraint check my wrist and hands were so swollen that Anthony Simcox had to use my lower leg to check my blood pressure.

5e

43.) At 2pm shift change Benjamin entered the restraint cell with Brandon Boaz. Brandon Boaz began to choke me. by place both hands around my neck while saying over and over, "you're a piece of shit nigger." He then said repeat after me, and released my neck. I repeated after him by saying, "I'm a piece of shit nigger."

44.) He then lifted the shield and began to beat me using it. He slammed the edge up and down on my wrist and hands over and over. They then left.

45.) They returned later, Brandon Boaz, Benjamin Lodge, and Bradford Horton. Boaz and Horton tightened the restraints again, adjusting them so they were on the bones of my wrist.

46.) The torcher and beatings continued.

47.) At one point Benjamin Lodge entered with staff. I begged him to loosen the restraints, to which he replied sing the National Anthem. I tried but was in so much pain that I could think of the words or all the words, to which he replied, "aint no way in hell, you'll be okay."

48.) During one restraint check, later that evening, staff entered. I could identify Brandon Boaz, Benjamin Lodge, Bradford Horton and James Dix. I begged them not to beat me, to which the replied that they wanted to know where the knives and drugs were or they were going to beat me to death.

5f

49.) James Dix also told me that I better not tell anyone or file a grievance or he would beat me to death, watch me bleed to death and enjoy it.

50.) I passed out several times but the beatings stopped on the am of 8·28·20.

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

*Tashawn Thorne*
TASHAWN THORNE
#59241-056

Executed at:
USP Thomson, P.O. Box 1002
Thomson, IL 61285
11·16·21

Respectfully Submitted By:

PRO SE
Tashawn Thorne
#59241-056
United States Penitentary
P. O. Box 1002
Thomson, IL 61285
*Tashawn Thorne*

5g

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**V.    Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

# 20,000,000.00, lawyer fees, Court cost and anything else this court deems just

VI.    The plaintiff demands that the case be tried by a jury.    ☐ YES    ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _11_ day of _November_, 20_21_

_Tashawn Thorne_
(Signature of plaintiff or plaintiffs)

_Tashawn Thorne_
(Print name)

_# 59241-050_
(I.D. Number)

_P.O. Box 1002_
_Thomson, IL 61285_
(Address)

Revised 9/2007
[If you need additional space for ANY section, please attach an additional sheet and reference that section.]